IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul "Pee Wee" Burroughs, III, | ) C/A No. 3:11-2133-JFA-PJG <br> ) <br> ) <br> ) **REPORT AND** <br> ) **RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiff, | |
| vs. | |
| James Burroughs, Sr.; <br> Mamie B. DuPree, and <br> Paul Burroughs, Jr., | |
| Defendants. | |

The plaintiff, Paul "Pee Wee" Burroughs, III, ("Plaintiff"), proceeding *pro se*, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

In the Complaint filed in this case, Plaintiff claims that the defendants, apparently members of his extended family, have "stolen his identity" and created numerous problems for him "to cover up a crime against [Plaintiff] and another." He alleges that the defendants have had something to do with his name, but incorrect address, being placed on things such as medical records, the census, and credit bureau records. He alleges that "this group" has been "falsifying statements" and trying to claim that he [Plaintiff] lives at a different address than the one that they know he lives at and that he is being treated for some "infectious disease." He states that he wants "to recover losts for the injury to [him]

financially and the worry of where all the rumers have gone that I can never stop." (See generally Compl., ECF No. 1.)

Plaintiff does not refer to any federal constitutional provision or statute as the basis for his claims against the defendants, and from the address information for all parties contained in the Complaint, it appears that Plaintiff and all three defendants are South Carolina residents.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990);

see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

In order for this court to hear and decide a case, the court must first have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either

form of this court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident from the face of the pleading.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires *complete* diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) *citizens of different States*[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn.13-16 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, as stated previously, according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and all three defendants are residents of South Carolina. Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, absent diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. Although various federal laws provide for criminal liability of persons who engage in conduct that is now commonly



understood as "identity theft,"[1] independent review of available federal law sources fails to disclose any federal statute that provides victims a private right of action in civil court against an identity thief.  Although he uses the terminology "identity theft," Plaintiff's Complaint allegations accuse the defendants of committing intentional torts against him.  For example, the allegations that the defendants are falsifying statements against Plaintiff and, in doing so, potentially harming economic possibilities for him arguably state a claim for defamation, fraud, outrageous conduct, and/or harassment.  Generally, such intentional torts are matters of state law to be heard in the state courts, unless diversity of citizenship is present.  See Camden v. Hilton, 600 S.E.2d 88, 91 (Ct. App. 2004); State Farm Fire & Cas. Co. v. Barrett, 530 S.E.2d 132, 137 (Ct. App. 2000).[2]  As previously stated, diversity jurisdiction is lacking in this case because all the parties are residents of the same state.

Even if Plaintiff asserted that his claims fall within this court's federal question jurisdiction—which he did not do—such allegations could be disregarded by this court if its review of the allegations disproved such an assertion.  When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties'

---

[1] For example, certain provisions of The Truth in Lending Act, 15 U.S.C. § 1601; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a; Fair Credit Reporting Act, 15 U.S.C. § 1681a; the Privacy Act, 5 U.S.C. § 552a; the Right to Financial Privacy Act, 12 U.S.C. § 3401; and the Patriot Act, 31 U.S.C. § 5318, regulate certain consumer credit agencies and institutions and/or the federal government itself in areas that touch on consumer identity protections.  None of these statutes provides for a private civil action in favor of an identity-theft victim against individual perpetrators.

[2] The state of South Carolina makes certain types of identity theft a felony crime and permits criminal courts to order restitution to any victim S.C. Code Ann. § 16-13-510 through 530.  See Huggins v. Citibank, N.A., 585 S.E.2d 275 (2003).  Again, however, no private civil action for "identity theft" appears to be made available in any of those statutes.



characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908); cf. Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.").

Additionally, purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment in his Complaint, nor does he claim that the defendants—three private persons—violated his federal constitutional rights. Even if he had included such allegations, however, they would not establish "federal question" jurisdiction over this case because there are no additional allegations of "state action" in connection with the defendants' activities of which Plaintiff complains.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v.



Yaretsky, 457 U.S. 991, 1002 (1982).  To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor."  Lugar, 457 U.S. at 937; see United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen  Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991).  Even if the *pro se* Complaint filed by Plaintiff could be liberally construed to "imply" an allegation of constitutional rights violations by the private defendants, such implied interpretation would not establish "federal question" jurisdiction in this case because no state action is involved.

No other potential basis for the exercise of either diversity or federal question jurisdiction over the parties' dispute is evident from the face of the Complaint.

### RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).